**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JANICE NORRIS** | **CIVIL ACTION NO. 25-719** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SCHOOL BOARD OF FRANKLIN PARISH ET AL** | **MAG. JUDGE MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a Motion to Dismiss (R. Doc. 6) filed by Franklin Parish School Board, John Gullatt, Troy Bell, Delayne Donnell, and Franklin Parish School Board Members (together "Defendants"). Janice Norris ("Norris") opposed. *See* R. Docs. 8 and 9. The time for filing a reply has run, *see* R. Doc. 7, and, accordingly, the Motion is ripe. Also before the Court is Norris' Motion for Summary Judgment (R. Doc. 10). Defendants opposed. *See* R. Doc. 12.

Having carefully considered the parties' memoranda and the applicable law, Defendants' motion is **DENIED WITHOUT PREJUDICE**, and Norris' motion is **DENIED AS MOOT**.

## BACKGROUND[1]

In 2000, Norris began working as a school bus driver for the Franklin Parish School Board (the "School Board"). *See* R. Doc. 1 at 7. After approximately fourteen years as a bus driver, she was involved in an accident and suspended by the School

---

[1] The factual background below comes "from the operative […] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff…." *Nevarez v. Dorris*, 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).

Board for an unknown period. *See id.* In 2019, according to Norris, she reached an agreement with the School Board to return as a bus driver. *See id.*

On March 4, 2025, while operating her bus with children on board, Norris alleges that she "was involved in a non-injury accident with no other vehicles … on [an] extremely hazardous [and] windy morning." *See id.* Once Franklin Parish Sheriff's Office deputies arrived on scene, Norris asserts that a deputy cited her for a moving violation but also suspected her of being under the influence. *See id.* Following this incident, Norris claims that Superintendent John Gullatt ("Gullatt") immediately sought her suspension (again) and termination, after purportedly spreading rumors about the incident to others. *See id.* While unclear, it appears that Norris was terminated by Gullatt. *See id.* Norris also states that Defendants failed to follow the appropriate procedures in the purported termination. *See* R. Doc. 1 at 7.

Based on these events, Plaintiff filed suit on May 21, 2025, alleging that Defendants denied her benefits and privileges of a tenured school bus driver, discriminated against her, defamed her, deprived her of certain judicial review rights, and failed to follow various procedures and policies. *See id.* at 3–4. She seeks $2,500,000 in damages. *See id.* at 5. Defendants now move to dismiss her claims for failure to state a claim and insufficient service. *See generally* R. Doc. 6-1.

## LAW AND ANALYSIS

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility threshold requires "enough heft"

to indicate to the Court that the party is entitled to the relief pled. *Id.* at 557. A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions. *Id.* at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* When evaluating a pleading, courts must accept all factual allegations as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, courts need not accept legal conclusions as facts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A court should not dismiss a complaint with properly pled factual allegations, even if it strikes [the court] that actual proof of those alleged facts is improbable." *Bazinet v. Beth Israel Lahey Healthy, Inc.*, 113 F.4th 9, 15 (5th Cir. 2024) (quoting *Twombly*, 550 U.S. at 556) (cleaned up). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. On a motion to dismiss for failure to state a claim, *pro se* plaintiffs are held to a more lenient standard than lawyers, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *See id.*; *see also Chhim v. U. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

When a *pro se* litigant raises new factual allegations outside of the operative Complaint, "the Court is 'required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Nicolais v. Cheramie*, No. 23-7094, 2024 WL 4113752, at \*3, n.6 (E.D. La. Aug. 12, 2024), *report and recommendation adopted*, No. 23-7094, 2024 WL 4107704 (E.D. La. Sept. 6, 2024) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). Therefore,

3

"when ruling on the defendants' motions to dismiss, the Court should consider any additional allegations in his oppositions that embellish the original complaint's averments." *See id.* (citations omitted). And the Court may treat new allegations raised at the summary judgment stage—particularly those by *pro se* litigants, as here—as amendments to the operative Complaint. *See Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010) (citations omitted).

"Generally, it is an abuse of discretion for a district court to dismiss a pro se complaint with prejudice without first giving the plaintiff an opportunity to amend his complaint to remedy any deficiencies." *Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *2 (5th Cir. May 1, 2024) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *see also Bazrowx*, 136 F.3d at 1054 (citation omitted) (Generally, "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). And while "[i]t is not an abuse of discretion to deny a pro se party leave to amend […] where the plaintiff has already pleaded his best case" we find that Norris' best case has yet to be pled. *Id.* (cleaned up).

Norris' Complaint is woefully inadequate to make out a claim of race or sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). *See* R. Doc. 1. However, Norris' Motion for Summary Judgment alleges—for the first time—that she is "Afro American"— a protected class under Title VII. *See Anderson v. Venture Express*, 694 F. App'x 243, 246–47 (5th Cir. 2017). She also asserts that other "men and Caucasian employe[es] … did not get sanctioned or punished" to the extent she

4

allegedly did for other incidents, *see* R. Doc. 10 at 4, which could substantiate a Title VII claim. *See Carr v. Sanderson Farms, Inc.*, 665 F. App'x 335, 337–38 (5th Cir. 2016). Insofar as Norris includes a wrongful termination claim in her Opposition to Defendants' Motion, *see* R. Doc. 8, her Amended Complaint must sufficiently plead it.

Further, Norris has indicated throughout her submissions that Defendants failed to follow certain procedures, protocols, rules, and guidelines before her termination. *See* R. Doc. 1 at 7; *see also* R. Doc. 10 at 4–5. If Norris is challenging the School Board's policies or customs as unconstitutional to establish liability under *Monell*, Norris must explain each of the following: "(1) an official policy or custom (2) promulgated by the municipal policymaker[,] (3) [which] was the moving force behind the violation of a constitutional right." *See Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (citations omitted).

As to Norris' defamation claim, she indicated that Gullatt "spread false allegations that were made by an Officer who arrived on the scene that Norris had been drinking and on drugs." *See* R. Doc. 1 at 7 (cleaned up). As far as her defamation claim, Norris must show the following: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 864 So.2d 129, 139 (La. 1/21/04).

Accordingly, the Court will grant Norris leave to amend her Complaint to more fully incorporate the allegations made throughout her submissions and any further factual basis for her discrimination, wrongful termination, due process, *Monell*, and

5

defamation claims. Further, Norris will also get one more bite at effecting proper service on all named Defendants. *See* Fed. R. Civ. P. 4; *see also Perez v. Miller*, No. 21-0048, 2022 WL 557491, at *4 (E.D. La. 2022), *adopted by*, No. 21-0048, 2022 WL 539287 (E.D. La. 2022) (quoting *Lee v. Deutsche Bank Nat'l Tr. Co.*, No. 18-2887, 2019 WL 1057015, at *3 (E.D. La. 2019)) ("'[G]iven the Fifth Circuit's policy of leniency towards pro se plaintiffs,' it is sometimes appropriate to allow a pro se plaintiff an additional opportunity to effect service properly after his first attempt proves inadequate.") Because she is proceeding *pro se*, the Court takes this opportunity to apprise Norris that if her claims are not significantly bolstered, Defendants may again move for dismissal.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motion to Dismiss (R. Doc. 6) is **DENIED WITHOUT PREJUDICE** to reurging after an amended complaint is filed.

**IT IS FURTHER ORDERED** that Norris must file an Amended Complaint on or before August 17, 2026. Norris must also serve her Amended Complaint in accordance with Federal Rule of Civil Procedure 4 upon all named Defendants.

**IT IS FURTHER ORDERED** that Norris' Motion for Summary Judgment (R. Doc. 10) is **DENIED AS MOOT**.

**THUS DONE AND SIGNED** in Chambers this 17th day of July, 2026.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**